**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| IN RE: ANDY'S TRUCK AND EQUIPMENT CO., | ) | |
| | ) | Case No. 2:25-cv-456 |
| | ) | Bankruptcy Case No. 17-22661 |
| | ) | |

**OPINION AND ORDER**

Andrew Young, representing himself, once again appeals to this Court an order entered in the bankruptcy proceedings concerning one of his solely owned companies. Young is a frequent litigant in this Court, and in disposing of the present appeal, I will assume familiarity with the most recent round of appeals he has filed. [See Case No. 2:25-cv-469, Case No. 2:25-cv-470.] This time, Young appeals an order from the bankruptcy court judge that allowed the Chapter 7 trustee to sell more property of the estate of Andy's Truck and Equipment Co. [DE 1.] Per usual, Andrew Young designated a litany of issues for appeal (11, in this case) but the appeal fails for the same reason so many of his appeals have failed before: standing.

"Bankruptcy standing is narrower than Article III standing"; only a person "aggrieved" by an order of the bankruptcy court can appeal it. *In re Ray*, 597 F.3d 871, 874 (7th Cir. 2010) (citations omitted). Young is aggrieved only if (1) he attended and objected at a bankruptcy court proceeding to the proposed order, and (2) he was "affected pecuniarily" by the order. *Id.* (quoting *In re Stinnett*, 465 F.3d 309, 315 (7th Cir. 2006)).

Regardless of whether he properly attended and objected, this appeal fails due to the latter requirement. An order pecuniarily affects him only if it diminishes his property, increases his burdens, or impairs his rights. *In re Ray*, 597 F.3d at 874 (citing *In re Cult Awareness Network, Inc.*, 151 F.3d 605, 608 (7th Cir. 1998)). This rule limits appeals to "only those persons whose interests are directly affected by a bankruptcy order to appeal." *Id.* (quoting *In re Cult Awareness Network*, 151 F.3d at 608).

Young argues again that he is a party in interest as the "one and only shareholder of Andy's Truck." [DE 14, 10.] As this Court has told him many times before, and as the Seventh Circuit has also made clear to him, being a shareholder, even the sole shareholder, does not make him a party in interest. The Seventh Circuit rejected a similar argument by him in *Young v. Lake County Treasurer*, 2024 WL 4864447 (7th Cir. Nov. 21, 2024), explaining that, in that case, a bankruptcy court order did not pecuniarily affect Young just because he was the sole owner of the entity subject to the bankruptcy proceedings. This Court did the same in his appeal in the *Surplus Management Systems* case. *In re Surplus Mgmt. Sys.*, 2025 WL 1567646 (N.D. Ind. May 25, 2025) (rejecting a similar argument by Young as to another one of his solely owned businesses). The Seventh Circuit explained that, under Indiana Law, a limited liability company "is distinct from its members." *Id.* at *2. Young is "not personally liable for the debts, obligations, or liabilities" of Andy's Truck, *see* IND. CODE § 23–18–3–3(a), and he directly owns none of Andy's Truck's assets, *see Connolly v. Connolly*, 952 N.E.2d 203, 208 (Ind. Ct. App. 2011).

Likewise, an argument that this causes a diminution of value that will affect Young would be unavailing and has been dealt with before in his *Surplus Management Systems* appeal. Even if there was a surplusage here that could be returned, that would not confer any standing on Young. The surplus exception "applies to debtors," and "Young is not a debtor" in the Andy's Truck bankruptcy, just as he was not a debtor in the Surplus Management Systems bankruptcy. *Surplus Mgmt.*, 2025 WL 1567646 at *4. And regardless, if there were a surplus that could flow to Young's personal bankruptcy, it would become the property of the *estate* for Young's personal bankruptcy, and the trustee on that proceeding has not filed an objection to this present motion. *See id.* (discussing similar findings by the bankruptcy court with regard to this argument by Young in the *Surplus Management* bankruptcy).

Young lacks standing for this appeal, and thus his appeal fails. The judgment of the bankruptcy court is **AFFIRMED**.

SO ORDERED.

ENTERED: August 13, 2026.

/s/ Philip P. Simon
UNITED STATES DISTRICT JUDGE