**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| IN RE: ANDY'S TRUCK AND EQUIPMENT CO., | ) | |
| | ) | Case No. 2:25-cv-456 |
| | ) | Bankruptcy Case No. 17-22661 |
| | ) | |

**OPINION AND ORDER**

Andrew Young, representing himself, has moved for me to have a "rehearing" on my order affirming the bankruptcy court's decision and dismissing this appeal for lack of standing. [DE 17; DE 18; DE 19.] Per usual, I will construe Young's motion for a "rehearing" as a request that I reconsider my ruling. *Young v. Lake Cnty Treasurer*, 2024 WL 773617, at *1 (N.D. Ind. Feb. 23, 2024).

The Seventh Circuit has explained that a motion to reconsider "performs a valuable, but limited, function: 'to correct manifest errors of law or fact or to present newly discovered evidence.'" *Range v. Brubaker*, 2009 WL 102430, at *1 (N.D. Ind. Jan. 13, 2009) (quoting *Caisse Nationale De Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269-70 (7th Cir. 1996)); *see also*, *e.g.*, *Miller v. City of Plymouth*, 2010 WL 2194842, at *1 (N.D. Ind. May 27, 2010). A motion for reconsideration may also be granted if there is a significant change in the law since the submission of the issues to the court. *Mindell v. Kronfeld*, 2004 WL 1595334, at *1 (N.D. Ill. July 15, 2004). Given their limited purpose, courts rarely grant motions to reconsider. *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990).

I will not rehash the extent of Young's case here and will focus solely on his arguments for reconsideration. In my opinion, I found that Young was not a party in interest to the bankruptcy court's order allowing the trustee in the Chapter 7 bankruptcy of his business, Andy's Truck and Equipment Co., to sell more property of the estate. [DE 15.] He was therefore not directly "affected pecuniarily" by the order and thus lacked standing. *Id.* In coming to my conclusion, I relied in part on *Young v. Lake County Treasurer*, 2024 WL 4864447 (7th Cir. Nov. 21, 2024), a Seventh Circuit opinion concerning one of Young's prior appeals that found that Young did not have standing to appeal from an order concerning an entity he owned because he was not directly pecuniarily affected. In his motion for reconsideration, Young argues that I erred in relying on this case in coming to my conclusion.

I want to start by addressing a couple of quibbles Young has with how my order discusses the Seventh Circuit's opinion in *Young*. He argues that, while I stated that decisions by this Court and the Seventh Circuit "made clear" that being a "shareholder" does not make someone a party in interest, the Seventh Circuit's decision in *Young* concerned an LLC. However, I did not state that the opinion was the same as this case, I stated that it dealt with a "similar argument" to Young's argument here and stated that the opinion found that "a bankruptcy court order did not pecuniarily affect Young just because he was the sole owner of the entity subject to the bankruptcy court proceedings." [DE 15, 2.] Relatedly, Young originally argued that the Seventh Circuit's opinion does not use the term "shareholder" at all. [DE 17.] But as he admits in both of his motions for leave to file amended motions for a rehearing, it *does* use the word

"shareholder." [DE 18; DE 19.] In particular, to support its finding that a diminution in "membership interest" is not enough to confer standing, it cited to and quoted the Seventh Circuit's decision in *Rawoof* that a "*shareholder* generally cannot sue for indirect harm he suffers as a result of an injury to the corporation." *Rawoof v. Texor Petroleum Co.*, 521 F.3d 750, 757 (7th Cir. 2008) (emphasis added); *Young*¸ 2024 WL 4864447 at *2;

This brings us to the larger point Young is trying to argue here: that the Seventh Circuit's decision in *Young* is distinguishable. Young asserts that this case is different because it concerns an "Illinois corporation," not an Indiana LLC like the entity being discussed in the Seventh Circuit's decision in *Young*. [DE 17, 3; DE 18, 4; DE 19, 4.] But Young does not explain why the entity at issue here being a corporation organized under Illinois law would change the outcome of this case. Corporations have shareholders and, as discussed above, a "shareholder generally cannot sue for indirect harm he suffers as a result of an injury to the corporation." *Rawoof*, 521 F.3d at 757.

Moreover, just like LLCs in Indiana, shareholders of a corporation in Illinois are not personally liable for the debts or obligations of the entity. 805 ILCS § 5/6.40; *see also Sinkus v. BTE Consulting*, 72 N.E.3d 1251, 1258 (Ill. App. Ct. 2017) ("Section 6.40 of the Act provides that, other than paying to the corporation the full consideration for shares of the corporation, a shareholder is not personally liable for any other amounts in his or her capacity as shareholder.") Young's arguments here are distinctions without a difference that do not recognize the breadth of the Seventh Circuit's holdings nor the similarity in the state laws here as they relate to separating shareholders, owners, and members from their business entities.

I have considered the arguments in Young's motion for rehearing, his amended motion for rehearing, and his second amended motion for rehearing. [DE 17; DE 18; DE 19.] For the reasons stated above, the motions are denied.

SO ORDERED.

ENTERED: November 5, 2026.

/s/ Philip P. Simon
UNITED STATES DISTRICT JUDGE